UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

AMADOU BAH,

          Petitioner,                      Case No. 1:26-cv-596

v.                                                     Hon. Hala Y. Jarbou

PAMELA BONDI et al.,

          Respondents.
_____/

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]

## Discussion

**I.    Procedural History**

In Petitioner's § 2241 petition, originally filed in the United States District Court for the Eastern District of Michigan, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, assume jurisdiction over this matter and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.11.)

---

[1] The Court grants Petitioner's counsel permission to practice in this specific case on a temporary basis pending full admission. *See* W.D. Mich. LGenR 2.2.

On February 23, 2026, the Eastern District transferred this matter to this Court. In an order entered on February 25, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 9.) Respondents filed their response on March 2, 2026. (ECF No. 10.)

**II.     Factual Background**

Petitioner is a native and citizen of Mauritania. (Pet., ECF No. 1, PageID.3; Parker Decl. ¶ 4, ECF No. 10-1, PageID.14.) Petitioner entered the United States in or around 1997 at an unknown location without inspection. (Pet., ECF No. 1, PageID.3.)

Following his entry into the United States, Petitioner filed an Form I-589, Application for Asylum and Withholding of Removal. (*Id.*; Parker Decl. ¶ 5, ECF No. 10-1, PageID.14.) On May 14, 2010, an immigration judge denied Petitioner's application for asylum and granted Petitioner "voluntary departure," allowing Petitioner to leave the United States voluntarily to avoid an order of removal. (Parker Decl. ¶ 7.) Petitioner's appeal of that order was unsuccessful, and, on May 9, 2011, the Board of Immigration Appeals ordered that Petitioner must voluntarily depart the United States by July 13, 2010, or the voluntary departure order would be withdrawn, and an order of removal would be entered. (*Id.*, ¶¶ 7–9, PageID.14–15.) Petitioner appealed that order to the Sixth Circuit, which initially granted Petitioner's request for a stay of removal, but dismissed Petitioner's appeal on December 7, 2012. (*Id.*, ¶¶ 10–12, PageID.15.) Because Petitioner did not leave the United States voluntarily, the order of voluntary departure was converted to a removal order. (*Id.*, ¶ 13.) However, ICE was unable to remove Petitioner to Mauritania at that time. (*Id.*, ¶ 12.) Therefore, on December 7, 2012, ICE released Petitioner from custody on an order of supervision. (*Id.*)

In 2013, ICE agents instructed Petitioner to apply for a Mauritanian passport. (*Id.*, ¶ 14.) In 2017, Petitioner presented ICE with documentation showing that he had applied for a

2

Mauritanian passport. (*Id.*, ¶ 16.) ICE then submitted a request to the Mauritanian Government for travel documents on June 7, 2019, but did not receive the travel documents until December 15, 2020. (*Id.*, ¶¶ 18–19, PageID.16.) Due to COVID-19, ICE was unable to remove Petitioner to Mauritania before Petitioner's travel documents expired on June 9, 2021. (*Id.*, ¶ 19.)

On August 6, 2025, ICE agents arrested Petitioner when Petitioner appeared for his scheduled ICE check in. (*Id.*, ¶ 21.) On September 12, 2025, the ICE agent assigned to Petitioner's case requested travel documents from the Mauritanian embassy. (*Id.*, ¶ 23.) To date, ICE has been told only that its request for travel documents from Mauritania is "pending." (*Id.*, ¶¶ 28, 33, PageID.17, 18.)

### III.   Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### IV.   Merits Discussion

The parties agree that Petitioner is subject to a final order of removal. As a result, Petitioner's present detention is governed by 8 U.S.C. § 1231. However, Petitioner contends that his detention is unlawful and violates the Due Process Clause of the Fifth Amendment. In response, Respondents argue that Petitioner's continued detention for purposes of removal is authorized by *Zadvydas v. Davis* 533 U.S. 678, 701 (2001).

Section 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A). 8 U.S.C. § 1231(a)(6) further provides:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6).

In *Zadvydas v. Davis*, the Supreme Court held that after expiration of the 90-day removal period, the Government may continue to detain the noncitizen for a "presumptively reasonable period" of time, which the Supreme Court concluded equaled six months. *See Zadvydas*, 533 U.S. at 701. Following that six-month period, "once [a noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* "[O]nce [a noncitizen's] removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.

The record shows that Petitioner has been detained since August 6, 2025, for well over six months. And the record before the Court provides good reason to believe that "there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. ICE first requested travel documents for Petitioner on September 12, 2025, and since that time, has been told only that the request remains "pending." (Parker Decl. ¶¶ 23, 28, 33, ECF No. 10-1, PageID.17–18.) When ICE last requested travel documents for Petitioner in 2019, it took over a year and a half to receive those documents. (*Id.*, ¶¶ 18–19.)

4

Because Petitioner has met his burden of showing that removal is not reasonably foreseeable, Respondents must respond with evidence sufficient to rebut that showing. *Zadvydas*, 533 U.S. at 701. They have not done so. There is nothing before the Court to suggest that Respondents expect to remove Petitioner in the near future. The Court, therefore, will grant Petitioner's § 2241 petition.

### V.     Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

### VI.    Proper Respondents

Respondents argue that the Detroit ICE Field Office Director is the only proper Respondent in this action, and they seek the dismissal of all of the other named Respondents. The Court concludes that the ICE Detroit Field Office Director is not the only proper Respondent for the reasons set forth in the Court's analysis of the same argument in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *8–9 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *8–9 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *9–10 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *9–10 (W.D. Mich. Dec. 12, 2025).

To ensure that this Court's orders regarding a hearing or release will bind at least one Respondent with authority to act in the event that Petitioner is transferred out of the Western District of Michigan, the Court will retain the ICE Detroit Field Office Director and the Secretary for the Department of Homeland Security as Respondents. The Court will dismiss the United States Attorney General as a Respondent.

**Conclusion**

For the reasons discussed above, the Court will enter a judgment granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1The Court will order Respondents to release Petitioner from detention, subject to any conditions that existed under Petitioner's prior order of supervision, within five days of the date of this Court's opinion and judgment. The Court will also order Respondents to file a status report within six days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. Further, the Court will dismiss the United States Attorney General as a Respondent.

Dated: March 9, 2026                         /s/ Hala Y. Jarbou
                                             HALA Y. JARBOU
                                             CHIEF UNITED STATES DISTRICT JUDGE